IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIVE FACE ON WEB, LLC<br><br>Plaintiff,<br><br>v.<br><br>WEBSITETALKINGHEADS.COM A/K/A<br>WEB SITE TALKING HEADS D/B/A<br>ASSOCIATION OF WORKING TALENT INC,<br>JED KNUDSEN,<br>JENNIFER KNUDSEN,<br>KARINA KNUDSEN,<br>ERICKA DEIM<br><br>and<br><br>JOHN DOES 1 through 10<br><br>Defendants | NO. 2:11-07327 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND/OR FOR IMPROPER VENUE AND PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY

Plaintiff, Live Face On Web, LLC, by and through its attorneys, Granovsky Law Offices, P.C., submits the following Response in Opposition to Defendants', Association of Working Talent, Inc. d/b/a Website Talking Heads, Jed Knudsen, Jennifer Knudsen, Karina Knudsen, and Erika Deim, Motion To Dismiss For Lack of Jurisdiction and/or For Improper Venue And Alternative Motion To Transfer and if this Court does not find jurisdiction, Request For Jurisdictional Discovery.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this action for Trademark Infringement, Dilution, violation of the Lanham Act 15 U.S.C § 1125(a), Cyberpiracy by registration of identically or confusingly similar

domain names in violation of 15 U.S.C. § 1125(d), injury to business reputation and dilution under Pennsylvania law, common law unjust enrichment, common law fraud, piercing of corporate veil.

On January 20, 2012, Defendants filed a Motion to Dismiss the Complaint for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In their motion Defendants argue that: (1) Plaintiff in its Complaint did not allege facts that connect Defendants to Pennsylvania, and that Plaintiff did not establish that Defendants established minimum contacts to establish specific jurisdiction, (2) that Defendants do not have continuous and systematic contacts with Pennsylvania to evoke general jurisdiction, and that (3) causes of action in this case did not arise out of Defendants' contacts with Pennsylvania.

Upon information and belief, Association of Working Talent, Inc. ("AOWT"), Jed Knudsen, Jennifer Knudsen, Karina Knudsen, and Erika Deim, jointly or severally with other Defendants own, control and operate the websites with domain names www.livefaceweb.com, www.websitetalkingheads.com, and any variations thereof. AOWT and other Defendants in this case determined and controlled the policies resulting in the trademark infringements, dilution, false designation of origin, Cyberpiracy, unjust enrichment, unfair competition, and fraud referred to in the Complaint. At all times relevant hereto all Defendants in this case acted as the duly authorized employees, workmen, servants, representatives and/or agents (actual and/or ostensible) of AOWT. (*Exhibit "A"*) Jed Knudsen is the President of AOWT. *Id.* Jennifer Knudsen is Vice-President. *Id.* Karina Knudsen is the Treasurer of AOWT. *Id.* Erica Deim is the Treasurer of AOWT. *Id.*

Defendants are in business of providing web video recordings of spokespersons who present information about a website or a company. Defendants are direct competitors of LFOW.

2

On or about November 21, 2011, Live Face On Web, LLC ("LFOW") found out that AOWT registered a domain name, LiveFaceWeb.com, that is inherently similar to LFOW's registered trade mark. For the next couple of days LFOW investigated and found out that AOWT, its members, officers and employees, used LFOW's registered trademark extensively to promote their business and to unfairly compete with LFOW. On November 28, 2011, LFOW filed action against AOWT, its members, and its officers in Eastern District of Pennsylvania.

On December 6, 2011, counsel for AOWT contacted LFOW in order to settle the case. Shortly thereafter, negotiation stalled, and on December 15 and 28, 2011, AOWT, its members and officers were properly served with summons and complaint of the action in Eastern District of PA. (*see*, Docket Entries 4, 11)

On December 20, 2011, in retaliation of being served with this action, Defendants improperly filed a declaratory action in Utah District Court, Central Division ("Utah Action"). (*Exhibit "B"*) Defendants improperly seek a declaration in Utah Action that they have not engaged in actionable Trademark Infringements, Trademark Dilution, Cyberpiracy, Unfair Competition, Unjust Enrichment, Fraud, Civil Conspiracy, and that Corporate Veil should not be pierced.

Utah Action is the direct result of this lawsuit. Since the Pennsylvania lawsuit was filed, both parties tried to negotiate a settlement. After failed settlement negotiations, Defendants in retaliation improperly filed this declaratory relief action. (*see*, Exhibit "B", ¶ 18).

An integral part of Defendants' business is operation of interactive website with domain name of www.websitetalkingheads.com. Consumers from Pennsylvania can order products and services directly through Defendants' website. (*Exhibit "C"*). Consumers can update their existing orders. *Id*. They can also chat live with AOWT representatives online. *Id*. Moreover, consumers pay online for their products and/or services ordered from AOWT. (*Exhibit "D"*).

By operating its website, Defendants have caused and continue causing substantial harm to LFOW, a Pennsylvania company. Defendants have substantial contacts with Pennsylvania. Defendants filed declarations as a part of their responsive pleadings where they admitted that they have contacts with Pennsylvania. For example, declaration of Jed Knudsen, states that he visited Pennsylvania on a couple of occasions, placed phone calls to Pennsylvania, and had a business trip to Pennsylvania. (*Exhibit "E"*, ¶ 5) Karina Knudsen placed phone calls to her brother-in-law and sister-in-law, both are residents of Pennsylvania. (*Exhibit "F"*, ¶ 9) Jenifer Knudsen also placed phone calls to her brother-in-law and sister-in-law, both are residents of Pennsylvania. (*Exhibit "G"*, ¶ 15)

On August 9, 2007, Defendants registered domain name websitetalkingheads.com with Pair Networks Inc. (*Exhibit "H"*) Pair Network Inc., is a Pennsylvania company with its principal place of business in Pittsburg, PA. (*Exhibit "I"*) Pair Network Inc. maintains its servers in Pittsburg, PA. Moreover, the domain name in question for Cyberpiracy, livefaceweb.com is also registered by Defendants through Pair Network, Inc., and is also located in Pennsylvania. (*Exhibit "J"*) Livefaceweb.com was registered in Pennsylvania by Defendants on November 28, 2008. *Id.* On at least twelve other occasions, Defendants contacted Pair Network, Inc., a Pennsylvania company, to register a domain name. (*Exhibits K through W*) Defendants registered at least twelve other domain names with Pair Network, Inc., a Pennsylvania company, and these domain names are located in Pennsylvania, on servers located in Pennsylvania. *Id.* All of the web content that Defendants post on their website, is posted by Defendants in PA. All of the advertisements that Defendants post on their websites are located in PA. All of the traffic that is driven to Defendants' websites is driven into the state of PA. Defendants' selection of PA

servers for their business hosting is calculated to increase internet traffic from PA residents. (*Exhibit "X"*)

Aggrieved party, LFOW, is located in Pennsylvania. Defendants have contacted Pennsylvania on numerous occasions and have conducted most of their internet business through Pennsylvania, contracted with a Pennsylvania company, and visited Pennsylvania on business trips. Clearly, Eastern District of Pennsylvania has personal jurisdiction over Defendants.

In short, the foregoing facts present that this Court has jurisdiction over Defendants and venue is proper in Eastern District of Pennsylvania. Defendants caused and continue to cause substantial harm to a Pennsylvania company, and Defendants have numerous contacts with Pennsylvania, most if not all, of Defendants online business is conducted through Pennsylvania.

## MEMORANDUM OF LAW

### II. LEGAL ANALYSES

The facts recounted in this Memorandum are taken from the Complaint as well as the Documents attached herein as Exhibits in response to the Defendant's motion.

When considering a motion to dismiss, "the court may consider documents which are attached to or submitted with the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel." *Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002) ("[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered.").

Defendants in their Motion argue that Plaintiff in a Complaint did not allege sufficient contacts by Defendants with Pennsylvania.

LFOW in its Complaint complied with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the grounds upon which the court's

jurisdiction depends...." (*Comp.* ¶¶ 11, 12, 13.) Furthermore, by statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate court." *28 U.S.C. § 1653 (2006)*

## A. PERSONAL JURISDICTION

Rule 4(e) of the Federal Rules of Civil Procedure "authorized personal jurisdiction over non-resident defendants to the extent permissible under the laws of the state where the district court sits." *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 200 (3d Cir. 1998). Pennsylvania's long arm statute permits courts to exercise personal jurisdiction over nonresident defendants "to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." *Id.* A court may obtain personal jurisdiction over a defendant in one of two ways. First, general jurisdiction is established when the defendant has engaged in "systematic and continuous" contacts with the forum state and the exercise of jurisdiction is "reasonable." *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 416 (1984). Second, specific jurisdiction exists when the "claim is related to or arises out of the defendant's contacts with the forum." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696 (3d Cir. 1990).

Once a defendant has filed a motion to dismiss for lack of personal jurisdiction, burden rests on the plaintiff to prove that jurisdiction exists in the forum state. *Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998). When considering the motion, the court construes any factual averment and resolves all doubts in plaintiff's favor. *Pinker v. Roche Holdings Ltd.*, 292 F. 3d 1287, 1302 (3d Cir. 1996).

### B. DISCUSSION

### A. Personal Jurisdiction

### 1. General Jurisdiction

To obtain general jurisdiction over a corporation in Pennsylvania, the corporation must either (1) be incorporated in Pennsylvania or licensed as a foreign corporation in the Commonwealth, (2) consent to jurisdiction, or (3) carry on a "continuous and systematic part of its general business" within the Commonwealth. *42 PA.CONS. STAT. § 5301 (a)(2)(2004)*.

AOWT, a Utah corporation, is not licensed to conduct business in Pennsylvania, nor did it consent to jurisdiction in this matter. Therefore, the only possible basis for exercising general jurisdiction over AOWT and its members, offers or agents, is that they maintained a "continuous and systematic" presence in Pennsylvania.

In analyzing whether Defendants are subject to general jurisdiction, "the Court should consider whether defendant's activities in the forum are extensive and pervasive and are a continuous and central part of defendant's business." *Automated Med. Prods. Corp. v. Int'l Hosp. Supply Corp.*, 1998 U.S. Dist. LEXIS 1231, at *8 (E.D. Pa. Jan. 29, 1998) (citing *Provident Nat'l Bank v. California Fed. Savings and Loan Ass'n*, 819 F.2d 434, 438 (3d Cir. 1987)). "Factors the Court should consider in this analysis include: the nature and quality of business contacts the defendant has initiated with the forum; direct sales in the forum, maintenance of a sales force in the state, [and] advertising targeted at the residents of the forum state." *Id*.

Defendants' contacts with Pennsylvania have been continuous and systematic, that enables the Court to exercise general jurisdiction over Defendants. In support of this contention, Plaintiff cites the following activities:

(1) Defendants offered their services to Pennsylvania residents by maintaining its interactive website which directly and specifically pointed to the Pennsylvania customers.

(2) Defendants maintain all of their internet related activities in Pennsylvania, all of Defendants' data is stored in Pennsylvania, all of Defendants' advertisement is located in Pennsylvania.

(3) Defendants have ability to accept payments from the Pennsylvania residents through their website for services provided to Pennsylvania residents.

Defendants have a longstanding presence in Pennsylvania since 2007, the Court has general jurisdiction over Defendants in this case. (see, *Provident Natl. Bank*, at 437 (3d Cir. 1987) ("Mere minimum contacts are not enough to establish general jurisdiction. The nonresident's contacts to the forum must be continuous and substantial.") (internal citations omitted).

Based on these facts, it is clear that Defendants maintained the "continuous and substantial" contacts with Pennsylvania necessary for the Court to exercise general jurisdiction over Defendant.

### 2. Specific Jurisdiction

Specific jurisdiction arises when a plaintiff's claim is related to or arises out of the defendant's contacts with the forum. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). On this issue, the Pennsylvania long-arm statute extends jurisdiction to any person who "causes harm or tortuous injury in the Commonwealth by an act or omission outside the Commonwealth." *42 PA. CONS. STAT. ANN. 5322(a)(4)*. This provision is often referred to as the "tort out / harm in" provision.

Defendants' conduct occurred in Pennsylvania, therefore, the personal jurisdiction over Defendants can be maintained because Plaintiff suffered injury in Pennsylvania, thus satisfying the requirements of §5322(a)(4). Defendants registered www.livefaceweb.com through Pennsylvania company and this domain name is located in Pennsylvania (*see*, Exhibit "J"). After

8

it has been determined that §5322(a)(4) applies, the Court must then determine (1) whether the Defendants have sufficient minimum contacts with the forum state; and (2) whether the exercise of personal jurisdiction comports with the notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Pennzoil*, 149 F.3d at 202-03 ("We cannot presume that jurisdiction is proper simply because the requirements of a long-arm statute have been met… a court must engage in due process analysis after it concludes that a state's long-arm statute extends jurisdiction to a defendant.")

Minimum contact is a "fair warning" requirement of due process that "is satisfied if the defendant has purposely directed its activities at residents of the forum" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), and availed itself of the privilege of doing business in the state. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This Court is to "take into account the relationship among the forum, the defendant and the litigation in order to determine whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221-222 (3d Cir. 1992) (internal quotations omitted). "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller*, 384 F.3d at 96.

The facts in this case clearly indicate that, Defendants specifically targeted Pennsylvania residents offering its services, soliciting contracts, entering into contacts in Pennsylvania and with residents of Pennsylvania, keeping fourteen domain names in Pennsylvania, transacting all or most of their business through Pennsylvania, keeping all or most of their costumer data in Pennsylvania. Moreover, Defendants caused substantial harm to a Pennsylvania company by conspiring to defraud it and registering www.livefaceweb.com. *See*, World-Wide Volkswagen v.

Woodson, 444 U.S. 286, 297-98 (1980) (it is reasonable to subject a party to personal jurisdiction in a forum state where sales arise from the efforts of the manufacturer or distributor to directly or indirectly serve the market); *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987) ("marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.")

Furthermore, Defendants, in using a domain name that is known to be found to be confusingly similar to that of Plaintiff's and transacting most or all of their business in Pennsylvania, assumed the risk that harm would likely result to Plaintiff in its home state of Pennsylvania. Defendants chose to host their internet based activities in Pennsylvania in order to attract more Pennsylvania customers. Due to the fact that Defendants are hosting their internet based activities in Pennsylvania, they attract more Pennsylvania consumers. Therefore, Defendants should expect to be sued in Pennsylvania.

Defendants deliberately directed their actions toward Pennsylvania and LFOW, a Pennsylvania company. Accordingly, Defendants have the requisite minimum contacts with Pennsylvania.

Having established that Defendants have sufficient minimum contacts to make it amenable to suit in Pennsylvania, the Court has to inquire whether Plaintiff's claim "arise out of" or "relate to" Defendants' contacts with Pennsylvania. *Dollar Sav. Bank v. First Security Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984). The Third Circuit recently declined to establish a specific rule regarding what level of relationship is necessary under the "arise out of or relate to" requirements. *Miller*, at 99-100. Instead, district courts are directed to "approach[] each case individually and take[] a realistic approach to analyzing a defendant's contacts with a forum." Internal citations omitted); *see*, Pennzoil, 149 F.3d at 203.

The Third Circuit Courts recognize that "the mere operation of a commercially interactive website" does not subject defendant to jurisdiction anywhere in the world. For the Court to exercise personal jurisdiction over Defendants for their Internet-based activities, here is enough evidence of some contacts in addition to the fact that Defendants' website is accessible in the forum state. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 453 (3d Cir. 2003) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (there must be "something more" beyond the mere posting of a website "to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state."). In determining whether the exercise of jurisdiction in this case is appropriate, the Court may consider Defendants' related internet and non-Internet activities. *Toys "R" Us, Inc.*, at 453 (citing *Euromarket Designs, Inc. v. Crate and Barrel Ltd.*, 96 F. Supp. 2d 824 (N.D. Ill. 2000) (in suit alleging trademark infringement, defendant's non-Internet contacts supported specific jurisdiction over defendant's Internet activities).

Applying a "realistic approach," the Court should conclude that Defendants non-Internet related contacts with Pennsylvania in addition to any contacts generated by its website. By employing a Pennsylvania-based company to register their domain names and by employing a Pennsylvania-based company to host all of Defendants' internet based activities, and by hosting all of Defendants internet-based transactions, advertisements, accounts, contracts in Pennsylvania, Defendants deliberately solicited and transacted business in Pennsylvania. See *Toys "R" Us, Inc*, at 453. These facts demonstrate the "something more" necessary to establish personal jurisdiction. *Id.*, at 454. Under these circumstances, Defendants should have reasonably anticipated being haled into court in Pennsylvania. *Id.* at 474.

Based on these facts it is clear that Plaintiff's claims for trademark infringement, dilution,

violation of the Lanham Act 15 U.S.C. § 1125(a), Cyberpiracy by registration of identically or confusingly similar domain names in violation of 15 U.S.A. § 1125(d), injury to business reputation and dilution under Pennsylvania law, common law unjust enrichment, common law fraud, piercing of corporate veil, and declaratory judgment arise out of Defendants' contacts with Pennsylvania. Having found the requisite minimum contacts, the Court must consider whether the exercise of specific jurisdiction over Defendants comports with notions of fair play and substantial justice. *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The determination of the reasonableness of the exercise of jurisdiction in each case will depend on an evaluation of several factors. A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Int'l Shoe*, 326 U.S. at 316. "To defeat jurisdiction based on this fairness inquiry, a defendant must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Miller*, 384 F.3d at 97 (quoting *Burger King*, 471 U.S. at 476).

The Court's exercise of jurisdiction over Defendants comports with traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. Plaintiff, a corporation with its principal place of business in Pennsylvania, has an interest in obtaining relief in a convenient forum of its choice. In addition, Pennsylvania has a strong interest in providing a forum for the resolution of disputes of its residents and protecting its residents from the type of conduct which Plaintiff alleges caused harm in Pennsylvania. Furthermore, Defendants have failed to satisfy their heavy burden in demonstrating that the exercise of jurisdiction would be unreasonable. *Grand Entm't Group v. Media Sales*, 988 F.2d 476, 483 (3d Cir. 1993). Therefore, the Court's exercise of specific jurisdiction in this case is appropriate and comports with the due process requirements imposed by International Shoe.

It is well established that Third Circuit is applying the "First-Filed" rule adopted in *Crosely Corp. v. Hazeltine corp.*, 122 F.2d 925 (3d Cir. 1941) to enjoin, where appropriate, "the subsequent prosecution of 'similar cases ... in different federal district courts.'" *EEOC v. University of Pennsylvania*, 850 F2d 969, 971 (3d Cir. 1988) (quoting *Campagnie Des Bauxites De Guinea v. Insurance Co. of North America*, 65 F.2d 877, 887 n.10 (3d Cir. 1981)). The first-filed rule simply dictates that, "in cases of federal concurrent jurisdiction involving the same parties and issues, the court of first-filing must proceed to decide the matter." *Zelenkofske Axlerod Consulting v. Stevenson*, 1999 WL 592399, at *2 (E.D. Pa. 1999) (citing *EEOC*, 850 F.2d at 971).

Defendants clearly disregarded first-filed rule by filing declaratory Utah Action in retaliation of being served with this action.

For all the foregoing reasons, the Court has jurisdiction over Defendants.

## CONCLUSION

For the foregoing reasons, LFOW respectfully requests that Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and/or For Improper Venue And Alternative Motion To Transfer be denied. Furthermore, if the Court finds that there are not enough facts supporting exercise of jurisdiction, LFOW respectfully requests the Court to grant jurisdictional discovery.

Respectfully submitted,

Granovsky Law Offices, PC

By:   /s/ Alexander Granovsky
Alexander Granovsky, Esquire
Pennsylvania Attorney ID No. 308387
9831 Bustleton Avenue, Suite 2
Philadelphia, PA 19115
(215) 992-6696 (tel) (215) 992-6695 (fax)

Date: February 13, 2012